IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






Nos. PD-0997-12 and PD-0998-12






FELIX ARGUELLEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


DEWITT COUNTY





 Keasler, J., filed a dissenting opinion, in which Keller, P.J., and Meyers, J.,
joined.


 D I S S E N T I N G O P I N I O N 


 I find nothing wrong with the court of appeals' judgments in these cases. For this
reason, I would affirm its judgments or, more appropriately, dismiss these petitions for
discretionary review as improvidently granted because they do not present any reason for our
review under Texas Rule of Appellate Procedure 66.3. 

 In reversing the court of appeals' decisions, the majority's analysis overlooks two
important principles of Fourth Amendment law: (1) the facts supporting reasonable suspicion
need not be criminal; and (2) in forming reasonable suspicion, an officer is able to make
rational inferences from those facts. The majority's statement that "[p]hotographs are
routinely taken of people in public places, including at public beaches, where bathing suits
are commonly worn, and at concerts, festivals, and sporting events" (1) is undoubtedly true. 
However, the same cannot be said for its claim that "[t]aking photographs of people at such
places is not unusual, suspicious, or criminal." (2) As an initial matter, the broad statement is
inaccurate. (3) Texas Penal Code § 21.15(b)(1)'s inclusion of language regarding the other's
consent and specific intent defines when seemingly innocent photography becomes a state-jail felony. Moreover, whether the specific, articulable facts Officer Tolbert possessed were
themselves criminal is irrelevant; the focus is "the degree of suspicion that attaches to
particular non-criminal acts." (4) I believe common sense warrants a finding that taking
pictures of people sunbathing at a pool from a car parked in the pool's parking lot is both
unusual and suspicious. 

 The majority's opinion does not consider the rational inferences, based on common
sense, Officer Tolbert may have deduced from Arguellez's behavior. Officers are entitled
to interpret facts with common sense and infer that criminal activity may have recently
occurred. (5) According to his suppression-hearing testimony, the Officer Tolbert possessed
the following specific, articulable facts before initiating the stop: (1) he was dispatched for
a call that a man was taking photographs of people at a public pool from a brown Ford
Taurus parked outside of the pool area; (2) upon arrival, he saw a brown Ford Taurus driving
away from the pool area; (3) the caller to 911 who supplied the information about the man
and while still on the phone with police, confirmed that he correctly identified the
photographer's car. From these facts and the reasonable inferences drawn from them,
Officer Tolbert had reasonable suspicion to believe unusual activity occurred and that
Arguellez, as the driver of the identified brown Ford Taurus, was involved in the unusual
activity related to criminal activity. Even though the known facts and reasonable suspicion
need not definitively point to a particular penal code offense, (6) it would be reasonable for
Officer Tolbert to infer that Arguellez may have been involved in or committed the offense
of improper photography or visual recording because he was reportedly taking photographs
of people, presumably dressed in bathing suits at a pool, from a car parked outside of the pool
area. It would also be reasonable for Officer Tolbert to infer that, under those circumstances,
Arguellez photographed the bathers without their consent and with the intent to arouse or
gratify the sexual desires of any person. 

 For the foregoing reasons, I dissent.


DATE FILED: September 18, 2013

PUBLISH

 
1. Ante, op. at 10.
2. Id. 
3. See Tex. Penal Code § 21.15(b)(1) (defining the offense of improper
photography or visual recording as "photograph[ing] . . . a visual image of another at a
location that is not a bathroom or private dressing room: (A) without the other person's
consent; and (B) with intent to arouse or gratify the sexual desire of any person. . . .").
4. See Derichsweiler v. State, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).
5. Illinois v. Wardlow, 528 U.S. 119, 125 (2000) ("Thus, the determination of
reasonable suspicion must be based on commonsense judgments and inferences about
human behavior."); United States v. Sokolow, 490 U.S. 1, 8 (1989) ("The process does not
deal with hard certainties, but with probabilities. Long before the law of probabilities
was articulated as such, practical people formulated certain common-sense conclusions
about human behavior; jurors as fact-finders are permitted to do the same--and so are law
enforcement officers."); State v. Kerwick, 393 S.W.3d 270, 276 (Tex. Crim. App. 2013).
6. Derichsweiler, 348 S.W.3d at 916-17.